# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **JOEY MARTIN**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:11-CV-964-L** |
| | § | |
| **DIVERSIFIED COLLECTION SERVICES, INC.**, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

On June 8, 2011, the court, in its Status Report Order, directed the parties to confer to (1) consider the nature and basis of their claims and defenses, and the possibilities of prompt settlement or resolution of the case; (2) make or arrange for the initial disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure; and (3) develop a proposed discovery plan that indicates the parties' views and proposals on the matters set forth in Rule 26(f)(1)-(4) by July 8, 2011. The court also ordered the parties to submit a Status Report ("Report") that included twelve matters for them to address. The parties did not file the Report, and no extension of time to file the Report has been requested.

The court believes that dismissal of this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure is appropriate because the parties have failed to comply with the court's order of June 8, 2011. Rule 41(b) allows a court to dismiss an action *sua sponte* for failure to prosecute or failure to follow orders of the court. This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases. *Boudwin v. Graystone Ins. Co.,* 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.,* 370 U.S. 626

(1962)). The court's decision to dismiss an action, however, is materially affected by whether the dismissal is to be with or without prejudice. "A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action." *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996) (citation in footnote omitted).

The Fifth Circuit has set forth a number of lesser sanctions that a court is to consider before it dismisses with prejudice: "Assessments of fines, costs, or damages against the plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings are preliminary means or less severe sanctions that may be used to safeguard a court's undoubted right to control its docket." *Boudwin,* 756 F.2d at 401 (quoting *Rogers v. Kroger,* 669 F.2d 317, 321-22 (5th Cir. 1982)). The parties and their counsel were specifically warned that sanctions could be imposed for failure to comply with the court's order. *See* Status Report Order 2. Sanctions are appropriate in this case.

The court does not know the bases for their failure to prosecute this action or comply with the court's order. Perhaps, the parties settled and forgot to inform the court. In any event, finding no record of purposeful delay or contumacious conduct, the court **dismisses this action without prejudice** all claims in this action, which is an appropriate sanction for the parties' failure to comply with the court's order.

**It is so ordered** this 26th day of July, 2011.

                                          Sam A. Lindsay
                                          United States District Judge